# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>            Plaintiff,<br><br>     v.<br><br>J. D. LOZANO, et al.,<br><br>            Defendants. | Case No. 1:12-cv-00699-AWI-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF No. 13 |

## I. Background

Plaintiff David Andrews ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 2, 2012, Plaintiff filed his complaint. On August 29, 2012, Plaintiff filed his first amended complaint. ECF No. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Amended Complaint

Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants J. D. Lozano, Chief of the Inmate Appeals Branch in Sacramento, California for CDCR; Doe Defendants, CDCR employees responsible for the form CDC 602 inmate grievance process; and the CDCR.

Plaintiff alleges the following.  On December 6, 2011, Plaintiff received a classification chrono that indicated his custody status and MMS (mandatory minimum score) were increased unfairly.  B. Peterson, a Correctional Counselor II at CSATF, interviewed Plaintiff regarding the inmate appeal, even though he was involved with the classification committee decision.  Plaintiff contends that Peterson increasing Plaintiff's MMS was retaliatory.  Peterson did not allow Plaintiff to provide any evidence and was hostile, arguing with Plaintiff.  Plaintiff's appeal was denied.  On December 29, 2011, Plaintiff submitted his appeal to the second level of review.  On January 11, 2012, the second level of review denied Plaintiff's appeal.  On February 29, 2012, Plaintiff submitted the appeal for Director's level review.  On April 20, 2012, the Director's level rejected Plaintiff's appeal, pursuant to a non-existent section of Title 15 of the California Code of Regulations.

Plaintiff contends that when he files the relevant supporting documents with his appeal, the documents are withheld by unknown persons, causing the grievance to be rejected.  Plaintiff

contends that this prevents Plaintiff from exhausting administrative remedies and thus blocks Plaintiff's access to the courts.

Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment, and denial of his right to petition the government for redress under the First Amendment. Plaintiff requests as relief: declaratory relief; injunctive relief, ordering CDCR: to process Plaintiff's inmate grievance, to process all future grievances when CDCR withholds the documents, to not use nonexistent code sections, and to not retaliate against Plaintiff; nominal damages; and costs of suit.

### III.  Analysis

#### A.  Due Process

Plaintiff contends that his due process rights were violated because Defendants failed to process his inmate grievance properly according to the California Code of Regulations. Plaintiff fails to state a claim. The existence of an inmate appeals process does not create a due process right upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).[1]

#### B.  Access to the Courts

Plaintiff contends that Defendants' alleged failure to properly process his inmate grievance denies him access to the courts. Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the

---

[1] Plaintiff makes an allegation of fraud by Defendants with regards to their reliance upon a nonexistent subsection of the California Code of Regulations. Plaintiff fails to state a claim of fraud. Plaintiff is required to plead additional facts regarding the circumstances of fraud, "including the time, place and manner of each fraud, plus the role of each defendant in each scheme." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).
To the extent that Plaintiff contends Defendant Lozano cited to an incorrect section, Plaintiff appears to be mistaken. Plaintiff submits the Director's level action as an exhibit to his complaint. Pl.'s Am. Compl., Ex. 7. In denying Plaintiff's inmate grievance at the Director's level, Defendant J. D. Lozano found that Plaintiff's appeal was missing supporting documents, "as established in CCR 3084.3." Plaintiff contends that section is incorrect. However, Title 15, Section 3084.3 of the California Code of Regulations does concern supporting documents for inmate grievances. Section 3084.3 refers back to Section 3084(h), which states in pertinent part: "Supporting documents means documents that are needed to substantiate allegations made in the appeal including, but not limited to, classification chronos." Thus, Plaintiff fails to state a claim for fraud.

3

official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts. *Harbury*, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-18.

Plaintiff fails to state a claim regarding access to the courts. Though Plaintiff contends that Defendants have prevented Plaintiff from exhausting administrative remedies, Plaintiff fails to allege facts which indicate that he has suffered an actual injury by being shut out of court.

### C.    **Retaliation**

Plaintiff contends that Defendant Peterson violated Plaintiff's rights by retaliating against Plaintiff's complaints to remove all mention of rape from Plaintiff's central file. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff fails to state a claim regarding retaliation. Plaintiff alleges no facts which indicate that Plaintiff engaged in First Amendment activity or that adverse action was taken against Plaintiff

because of his protected First Amendment activity.

### D. CDCR as Defendant

Plaintiff names CDCR as a Defendant. Plaintiff fails to state a claim. The State of California and CDCR as an agency of the State have Eleventh Amendment immunity from suit. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 15, 2012**                           /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE