# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>          Plaintiff,<br><br>     v.<br><br>J. D. LOZANO, et al.,<br><br>          Defendants. | Case No. 1:12-cv-00699-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 18<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

**I.     Background**

Plaintiff David Andrews ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 2, 2012, Plaintiff filed his Complaint. ECF No. 1. On August 29, 2012, Plaintiff filed his First Amended Complaint. ECF No. 16. On November 16, 2012, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend. ECF No. 16. On December 3, 2012, Plaintiff filed his Second Amended Complaint. ECF No. 18.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

4      A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
8  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual
10 allegations are accepted as true, legal conclusions are not.  *Id.*

11 **II.**    **Summary of Second Amended Complaint**

12     Plaintiff was incarcerated at California Substance Treatment Facility ("SATF") in Corcoran,
13 California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: J. D.
14 Lozano, unidentified Does, and CDCR.

15     Plaintiff alleges the following.  On December 6, 2011, Plaintiff's custody status was
16 increased.  Plaintiff submitted a 602 inmate appeal on the matter on December 7, 2011.  Plaintiff
17 appeal was screened on December 13, 2011.  B. Peterson, who assessed Plaintiff the custody
18 increase, reviewed Plaintiff's appeal, and denied it on December 29, 2011.  Plaintiff resubmitted the
19 appeal, which was accepted by the appeal coordinator at the second level.  On January 11, 2012, the
20 appeal was denied.  On February 29, 2012, Plaintiff submitted the appeal for director's level review.
21 Plaintiff contends that the appeal did not leave the institution but was held at the institution to
22 prevent its review at the final level.  On April 20, 2012, Plaintiff received a rejection notice.

23     Plaintiff contends a violation of his due process and access to the courts, and fraud by
24 Defendants in rejecting his appeal.  Plaintiff requests as relief: declaratory relief; preliminary and
25 permanent injunction ordering Defendants to process his grievance at the third level of review; an
26 order enjoining grievance rejection; an order enjoining grievance rejection using non-existent codes
27 and spurious procedures; an order enjoining Defendants from retaliating; nominal damages; and
28 costs of suit.

### III. **Analysis**

Plaintiff fails to state a § 1983 claim against Defendant CDCR. Plaintiff's suit is barred by the Eleventh Amendment. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff contends that his due process rights were violated because Defendants failed to process his inmate grievance properly according to the California Code of Regulations. Plaintiff fails to state a claim. The existence of an inmate appeals process does not create a due process right upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).[1]

Plaintiff contends that Defendants' alleged failure to properly process his inmate grievance denies him access to the courts. Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show

---

[1] Plaintiff makes an allegation of fraud by Defendants with regards to their reliance upon a nonexistent subsection of the California Code of Regulations. Plaintiff fails to state a claim of fraud. Plaintiff is required to plead additional facts regarding the circumstances of fraud, "including the time, place and manner of each fraud, plus the role of each defendant in each scheme." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

he has no other remedy than the relief available via this suit for denial of access to the courts. *Harbury*, 536 U.S. at 415.  The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a).  *Id.* at 417-18.

Plaintiff fails to state a claim regarding access to the courts.  Though Plaintiff contends that Defendants have prevented Plaintiff from exhausting administrative remedies, Plaintiff fails to allege facts which indicate that he has suffered an actual injury by being shut out of court.[2]

### IV.  Conclusion and Recommendation

Plaintiff fails to state a claim against any Defendants.  The undersigned does not find that Plaintiff can amend his pleadings to cure the deficiencies identified.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2013**                              /s/ Dennis L. Beck
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Though not named by Plaintiff as a Defendant, Plaintiff alleges that Peterson retaliated against Plaintiff. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).
   Plaintiff fails to state a claim regarding retaliation.  Plaintiff alleges no facts which indicate that Plaintiff engaged in First Amendment activity or that adverse action was taken against Plaintiff because of his protected First Amendment activity